### UNITED STATES v. O. G. HEMPSTEAD & SON.

(Circuit Court, E. D. Pennsylvania. February 25, 1908.)

No. 83 (1,976).

1. CUSTOMS DUTIES—CLASSIFICATION—DECALCOMANIA—"SURFACE-COATED PAPER."

Decalcomania paper is not dutiable, under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, pars. 400, 403, 30 Stat. 188, 189 [U. S. Comp. St. 1901, pp. 1672, 1673], as lithographic prints or printed matter, being commercially a distinct article from either, but falls under the provision for "surface-coated papers * * * printed," under paragraph 398, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1671].

2. SAME—APPEAL—ADDITIONAL EVIDENCE.

The procedure in customs appeals from decisions of the Board of United States General Appraisers, under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], is faulty, in that it permits parties to partially present their case before the Board, and then, after losing it there, producing in the Circuit Court the evidence which could have as easily been submitted to the Board.

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,630 (T. D. 28,277), reversing the assessment of duty by the collector of customs at the port of Philadelphia. The government brought these proceedings for review as prescribed in Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], and under the provisions of this section introduced in the Circuit Court much evidence additional to that taken by the Board of General Appraisers.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for the United States.

HOLLAND, District Judge. This is an appeal by the collector of customs from a decision of the Board of General Appraisers, reversing the decision of the collector, and classifying certain commercial decalcomania paper at 20 cents per pound at lithographic prints under paragraph 400 of Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], against the contention of the collector that the same should be classified at a rate of 3 cents

per pound and 20 per cent. ad valorem as "surface-coated papers, * * * printed," under paragraph 398, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1671].

This case is another illustration of the faulty procedure in this class of cases in permitting the parties objecting to partially present their case before the Board of General Appraisers, and, after losing it there, then wakening up to the necessity of properly presenting it, and producing the evidence before the court which could have as easily been submitted to the Board of General Appraisers. If this case had been presented to the Board upon the evidence submitted here, and the classification urged under paragraph 398 of the tariff act of 1897 as surface-coated paper printed, "dutiable at three cents per pound and twenty per centum ad valorem," the Board in all probability would have sustained the collector; but the contention was made that decalcomania was not properly assessed under paragraph 398 or paragraph 400 as claimed by the importer, but that it was dutiable at the rate of 45 per cent. ad valorem as manufactures in chief value of metal under the provisions of paragraph 193 of the tariff act. This proposition, as stated in the opinion of the Board, "is utterly groundless, and upon principle must be rejected." It was rejected by the Board; and decalcomania was held to be dutiable under paragraph 400 as "printed matter," whether it could be regarded as lithographic prints or not. The additional testimony, subsequently taken and now before the court, however, clearly establishes that decalcomania is an entirely different article of merchandise from lithographic prints or printed matter. It is a distinct article of commerce, differing from lithographic prints and printed matter both in manufacture and use.

Decalcomania is defined by the Century Dictionary as the practice or process of transferring pictures on marble, porcelain, glass, wood, and the like. The Standard Dictionary defines it to be a process of transferring prints from paper, and making them adhere to glass, porcelain, or the like. Lithography is the art of making a picture, design, or writing upon stone in such a manner that ink impressions can be taken from the work, and of producing such impressions by a process analogous to ordinary printing. As stated by one of the witnesses, the difference between the two processes lies chiefly in this, that the decalcomania process largely begins where the lithographic process leaves off, and that the real process is in effect a hand application of color, whereas the lithographic process is entirely by press. In the former the print is not of a color but is of a size print, which is on a coating of gum and albumen. This latter is on a coating of starch, so that, as claimed, there are two surface coatings between the surface and the paper. The cost in producing decalcomania sheets is from three to fifteen times greater than that of lithographing, depending upon the designs, sizes, sheets, and conditions. After the sizing, impression is made by running the sheet through a lithographic press, all the colors are put on the paper by hand-brush work, and the sheet must be put through the press for sizing impressions as many times as there are different colors in the design or figure upon the finished surface. In making decalcomania, the artist's design or work on the

stone is made "right," while the same work on a stone for lithographing is made "backwards."

As stated by the Board in G. A. 5,168 (T. D. 23,849), "lithographic prints consist of complete articles of the character of pictures * * * ready for use in mounting, binding or framing," etc., and printed matter is used either for the purpose of conveying information or for ornamentation, but the importation in question is "a surface-coated paper * * * wholly or partially covered with metal or its solution," and used for the purpose of transferring colored or printed objects, which it contains, to marble, porcelain, glass, wood, and the like.

The evidence, we conclude, clearly establishes that decalcomania is a "surface-coated paper," wholly or partly covered with metal or its solution, and is properly dutiable under paragraph 398 as such at the rate of 3 cents per pound and 20 per cent. ad valorem.

The decision of the Board of General Appraisers is reversed, and the collector directed to assess the duty in accordance with this opinion.